UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN KENT, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>TECH MAHINDRA (AMERICAS) INC., a foreign profit corporation; TECH MAHINDRA TECHNOLOGIES INC., a foreign profit corporation; TECH MAHINDRA NETWORK SERVICES INTERNATIONAL, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[REMOVED FROM KING COUNTY SUPERIOR COURT CASE NO. 24-2-14896-5 SEA]** |

**TO:**   Clerk, U.S. District Court, Western District of Washington, at Seattle;

**AND TO**:   All parties and their attorneys of record.

PLEASE TAKE NOTICE that Defendants Tech Mahindra (Americas) Inc., Tech Mahindra Technologies Inc., and Tech Mahindra Network Services International, Inc. (collectively, "Tech Mahindra" or "Defendants") hereby remove the state court action captioned *Kent v. Tech Mahindra (Americas) Inc., et al.*, Case No. 24-2-14896-5 SEA (the "State Court Proceeding") from the Superior Court of the State of Washington for the County of King ("King County Superior Court") to the United States District Court for the Western District of Washington.  This Notice of

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 1

Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Western District of Washington Local Civil Rule 101. In support of its removal of this action, Tech Mahindra states as follows:

**BACKGROUND**

1. On or about July 2, 2024, Plaintiff Stephen Kent ("Plaintiff") filed the State Court Proceeding in the King County Superior Court against Tech Mahindra. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's state court complaint (the "Complaint") is attached as Exhibit A to the Declaration of Adam Belzberg in Support of Notice of Removal ("Belzberg Decl."), ¶ 5.

2. On July 2, 2024, the King County Superior Court provided an Order Setting Civil Case Schedule on that date, with a trial date scheduled for July 7, 2025. *See* Belzberg Decl, ¶ 6, Exhibit B.

3. On July 3, 2024, Tech Mahindra was served with the Summons and Complaint filed by Plaintiff, through its registered agent for service of process. *See* Belzberg Decl., ¶ 7, Exhibit C.

4. Plaintiff purports to allege, on behalf of himself individually and on behalf of a putative class of individuals who applied to work for Tech Mahindra in the State of Washington, one cause of action pursuant to RCW 49.58.110 for allegedly failing to disclose the wage scale or salary range to be offered in Tech Mahindra's job postings. In his prayer for relief, he seeks statutory damages of $5,000 to himself and each class member pursuant to RCW 49.58.070 and RCW 49.58.110, costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110, preliminary and permanent injunctive relief, declaratory relief, pre- and post-judgment interest, and any additional or further relief. *See* Complaint, ¶¶ 57-64.

5. Tech Mahindra strenuously denies the allegations in the Complaint and that it owes anything by the Complaint to Plaintiff and the putative class of individuals he purports to represent but treats the allegations in the Complaint as true for purposes of this Notice of Removal only.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
**Telephone 206.624.0900**

6. The deadline for Defendants to remove this action has not expired since receipt by Defendants of the Summons and Complaint. Defendants have not voluntarily invoked or submitted to the jurisdiction of the King County Superior Court of the State of Washington in any manner. *See* Belzberg Decl., ¶ 10.

7. No further proceedings have been had in the state court as of the date of this Notice. *Id.* As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court have been provided herewith.

**REMOVAL OF THIS ACTION IS APPROPRIATE UNDER 28 U.S.C. § 1332**

8. District courts have jurisdiction for civil actions where: (a) the controversy is between citizens of different states; and (b) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is the removing party's burden to establish that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhtoka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted). Both requirements of diversity jurisdiction are met here, as addressed below.

**A. Complete Diversity of Citizenship**

9. Plaintiff and Tech Mahindra are citizens of different states. 28 U.S.C. § 1332.

10. For purposes of determining diversity of citizenship, a person is a "citizen" of the state in which they are domiciled. *See Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must…be domiciled in the state"). The Ninth Circuit has held that "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

11. Plaintiff alleges he is a resident of King County in the State of Washington. Complaint, ¶ 15. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile.").

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
**Telephone 206.624.0900**

Domicile for purposes of diversity is determined as of the time the lawsuit is filed. *See Lew v. Moss*, 797 F.2d 47, 750 (9th Cir. 1986). Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

12. A corporation is "deemed to be a citizen of every State and foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court of the United States established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010). There, the Supreme Court concluded that the "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 80-81. The Court clarified that the principal place of business can also be where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13. Here, Plaintiff correctly identifies Tech Mahindra as foreign profit companies in the header of the Complaint. At the time of the filing of this action, and at all relevant times, Tech Mahindra has been a citizen of a state other than Washington within the meaning of 28 U.S.C. § 1332.

14. Tech Mahindra (Americas) Inc. is incorporated in New Jersey and headquartered in Texas. Tech Mahindra Technologies Inc. is incorporated in Delaware and headquartered in Texas. Tech Mahindra Network Services International, Inc. is incorporated in Delaware and headquartered in Texas. *See* Belzberg Decl. at 9.

15. Because Plaintiff is a resident of Washington, and Tech Mahindra is a citizen of a foreign state, the diversity requirement under 28 U.S.C. § 1332 is satisfied. Indeed, there is complete diversity.

**B. Amount in Controversy**

16. The amount in controversy must exceed $75,000 for purposes of diversity jurisdiction. 28 U.S.C. § 1332.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

17. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is mandatory or discretionary); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

18. Defendants have the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

19. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

20. Under 28 U.S.C. § 1446(c), Tech Mahindra has a reasonable, good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

21. Plaintiff seeks statutory damages of $5,000 to himself and each putative class member pursuant to RCW 49.58.070 and RCW 49.58.110. *See* Complaint, ¶ 58. Accordingly,

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

even if no other putative class members join this litigation, Plaintiff may be awarded $5,000 in statutory damages.

22.   Plaintiff also seeks attorneys' fees and costs under RCW 49.58.070 and RCW 49.58.110.  *See id.* at ¶ 59.  As the removing party, Tech Mahindra may estimate "the amount of time that the case will require" and "plaintiff's counsel's hourly billing rate."  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs, & Prod. Liab. Litig.*, 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019).  Courts in the Ninth Circuit have estimated that between 100 and 300 hours is an appropriate estimate of the number of hours expended through trial for an employment action.  *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 1140, 1148 (E.D. Cal. Mar. 20, 2018) (citing *Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015)); *Garcia*, 2014 WL 2468344 at *5.

23.   Here, by virtue of Plaintiff's request for attorneys' fees and costs pursuant to RCW 49.58.070 and RCW 49.58.110, *see* Complaint, at ¶ 59, and based on data from Plaintiff's counsel's public filings from similar class action litigation, Plaintiff is more likely than not to seek greater than $75,000 in attorney's fees.

24.   Publicly available documents demonstrate that Plaintiff's lead counsel (i.e., the attorney who signed the complaint) bills his time at a rate of $725 per hour.  *See Atkinson v. Adidas America Inc.*, Case No. 2:23-cv-01666-BJR, Doc. 5, Ex. E at 6.  That document is a sworn declaration from Timothy W. Emery that he filed in support of the plaintiff's motion for attorneys' fees, costs, and service awards in a King County Superior Court matter called *Garcia v. Washington State Department of Licensing*, No. 22-2-0563-SEA, Mr. Emery reported that in connection with his pre-summary judgment settlement in that matter, he himself billed 113.4 hours.  Collectively, all attorneys and paralegals on that case billed a total of 668.2 hours even before the summary judgment stage.  That same declaration indicated that other attorneys in Mr. Emery's office also bill at $725 per hour.  Thus, it is conservative and reasonable to assume that Plaintiff is seeking $72,500 in attorneys' fees and costs at the very least—and likely much more.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
**Telephone 206.624.0900**

25. When combined, it is more likely than not that the amount in controversy vastly exceeds $75,000. At the very least, assuming Plaintiff is entitled to his requested statutory damages and his lead counsel is the only member of his legal team who bills time to this matter and he bills only 100 hours, the amount in controversy is no less than $77,500.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

26. Venue lies in the United State District Court for the Western District of Washington. This action originally was brought in the King County Superior Court, which is located within the Western District of Washington. Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

27. Plaintiff filed his Complaint in the King County Superior Court on July 2, 2024. On July 3, 2024, Tech Mahindra was served with the Summons and Complaint filed by Plaintiff, through its registered agent for service of process. *See* Belzberg Decl., ¶ 7. Tech Mahindra is filing this Notice of Removal within thirty days of service of process and is therefore timely under 28 U.S.C. § 1446.

28. Tech Mahindra is filing this Notice of Removal on behalf of and with the consent of all known defendants in this action.

29. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court." *See* Belzberg Decl., ¶ 8, Exhibit D.

30. As further required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Tech Mahindra served Plaintiff within this Notice of Removal and with their Notice to State Court of Removal to Federal Court. *See* Belzberg Decl., ¶ 8, Exhibit E.

## CONCLUSION

WHEREFORE, Tech Mahindra respectfully seeks removal of the above-entitled action from the King County Superior Court to the U.S. District Court for the Western District of

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
**Telephone 206.624.0900**

Washington at Seattle. Tech Mahindra reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to this action.

DATED: August 1, 2024.

STOEL RIVES LLP

ADAM S. BELZBERG
600 University Street, Suite 3600
Seattle, Washington 98101
(t): (206) 386-7516
(f): (206) 386-7500
Email: adam.belzberg@stoel.com

Kenneth W. Gage, NY Bar #2477784
(*pro hac vice* application pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(t): (212) 318-6046
(f): (212) 230-7646
Email: kennethgage@paulhastings.com

Zara H. Shore, DC Bar #1602523
(*pro hac vice* application pending)
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
(t): (202) 551-1727
(f): (202) 551-0227
Email: zarashore@paulhastings.com

*Attorneys for Tech Mahindra Defendants*

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED: August 1, 2024.

*s/ Brie Carranza*
Brie Carranza, Litigation Practice Assistant

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600,
Seattle, WA 98101
*Telephone 206.624.0900*