The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHEN KENT,

    Plaintiff,

v.

TECH MAHINDRA (AMERICAS) INC., *et al.*,

    Defendants.

NO. 24-cv-1168-BJR

**ORDER GRANTING STAY**

## I.     INTRODUCTION

Plaintiff, Stephen Kent, originally filed this case in King County Superior Court alleging that Defendants, Tech Mahindra (Americas) Inc., Tech Mahindra Technologies Inc., and Tech Mahindra Network Services International, Inc., (collectively, "Tech Mahindra"), had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Tech Mahindra removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ECF No. 1. Now pending before the Court is Defendant's motion to dismiss, ECF No. 12, Plaintiff's motion to remand this case, ECF No. 14, and Defendants' motion

1  to stay, ECF No. 17. Having reviewed the materials[1] and the relevant legal authorities, the Court
2  will grant Defendant's motion to stay this case pending a decision by the Washington Supreme
3  Court on the definition of the term "job applicant" under the EPOA. The reasoning for the Court's
4  decision follows.

## II.    BACKGROUND

On July 2, 2024, Stephen Kent applied on LinkedIn for a job opening as a Data Engineer with Tech Mahindra in King County, Washington. Compl. ¶ 27; Ex.1,[2] ECF No. 1-2. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶ 29; Ex.1. He further alleges that he was qualified for the position, and that he expected to learn the rate of pay for the open position before completing the entire application. *Id.* ¶¶ 28, 30-31. Mr. Kent alleges that he lost valuable time applying for the position and his ability to negotiate pay remains adversely affected. *Id.* ¶¶ 35-36. Mr. Kent claims to represent more than 40 potential class members who also applied for jobs with Tech Mahindra for positions that did not disclose the wage scale or salary range. *Id.* ¶ 23. Mr. Kent filed this lawsuit against Tech Mahindra the same day, July 2, 2024. *Id.* at 10. Mr. Kent's complaint is strikingly similar to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants.

Tech Mahindra filed a motion to dismiss on the basis that Mr. Kent is a professional plaintiff who lacks statutory standing under the EPOA, and he failed to plausibly allege an EPOA claim for

---

[1] Including Plaintiff's remand motion, ECF No. 14; response in opposition, ECF No. 21; and reply, ECF No. 23. The Court also reviewed Defendant's dismissal motion, ECF No. 12, response in opposition, ECF No. 15, and reply, ECF No. 20.  Defendant filed the motion to stay this case pending a decision on Judge Chun's certified question to the Washington Supreme Court in a similar case. *See* ECF No. 17, to which Plaintiff has filed an opposition, ECF No. 24, and Defendant has replied, ECF No. 25.

[2] The Court notes that the exhibit shows a job posting on LinkedIn, although it is not evident that Mr. Kent applied for the job. *See* Compl. Ex.1, ECF No. 1-2.

ORDER GRANTING STAY
- 2

1   himself or for a putative class. Mr. Kent then filed a motion to remand the case back to state court
2   on the basis that this Court lacks subject matter jurisdiction. Mr. Kent asserts that he lacks Article
3   III standing to proceed in federal court. Both motions are fully briefed.

4   On August 20, 2024, the Honorable Judge Chun certified a question in a similar case to the
5   Washington Supreme Court, asking it to interpret the term "job applicant" as used in the EPOA
6   statute. *Branson v. Washington Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL
7   4510680, at *1 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 103394-0, 2024 WL
8   4471756 (Wash. Oct. 11, 2024)). On October 11, 2024, the Supreme Court of Washington issued
9   an Order accepting the federal certified question for consideration. *Id.* Tech Mahindra filed the
10  pending motion to stay the case pending the answer to the certified question, which Mr. Kent
11  opposes and asks the Court to first rule on his motion to remand.

### III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428 (1936). The inherent power to stay includes granting a stay of the case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d

ORDER GRANTING STAY
- 3

265, 268 (9th Cir. 1962)). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

### IV. DISCUSSION

Mr. Kent argues that the Court should first rule on his remand motion because the question certified before the Washington Supreme Court relates to statutory liability and not this Court's subject-matter jurisdiction. Opp'n Stay 1-2. Mr. Kent argues that he lacks Article III standing, similar to plaintiffs in other EPOA cases that this Court has remanded due to lack of standing. *Id.* at 3; Mot. Remand 1. In those similar cases, this Court found that the plaintiffs failed to allege an injury-in-fact, required for Article III standing, because they did not allege that they had applied in good faith with the intent of gaining employment. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *5-8 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024). The Court concluded that plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such, became personally exposed to the risk of harm caused by the statutory violation. *Id.*

Mr. Kent's complaint similarly does not include a specific allegation that he applied in good faith, but it does differ from the other complaints that this Court has dismissed, because Mr. Kent added an allegation that he was qualified for the position, which other complaints lacked, and may inform the standing analysis. Compl. ¶ 28. He also alleges that he was harmed by the loss of time applying for the position, and negatively impacted by the inability to evaluate and compare the pay to other available positions. *Id.* ¶¶ 30-37. In his opposition to Tech Mahindra's dismissal motion, Mr. Kent argues that Tech Mahindra bears the burden to prove that Mr. Kent is a "bona fide"

ORDER GRANTING STAY
- 4

applicant to avoid the remand of this case to state court. Opp'n Dismiss 3-4. Tech Mahindra sought a stipulation from Mr. Kent that he lacked Article III standing, but Mr. Kent declined to disclaim that he suffered "an injury-in-fact that is concrete, particularized, and actual or imminent and cannot satisfy the requirements of Article III of the U.S. Constitution for standing." Opp'n Remand 2-3, 5. Tech Mahindra argues that Mr. Kent does have Article III standing. *Id.* at 4-5. Tech Mahindra contends that its dismissal motion and Mr. Kent's remand motion are inextricably linked since a decision to grant one inherently moots the other, and the Washington Supreme Court's decision in *Branson* on the meaning of the term "job applicant" will provide "vital and imperative precedent" for this Court's analysis. Reply Stay 2.

The Court agrees with Tech Mahindra that this case should be stayed pending the Washington Supreme Court's decision. The definition of "job applicant" in the EPOA will provide clarity to the meaning and intent of the statute, which informs this Court's interpretation of the procedural violation and who is harmed thereby for purposes of analyzing Article III standing. Further the weighing of hardships favors a stay. Mr. Kent is not prejudiced by the delay in ruling on his remand motion, because denying remand would still result in a stay of any ruling on the dismissal motion, and granting remand would likely also result in a stay of the case moving forward in state court pending the Washington Supreme Court's decision. A stay will serve the orderly course of justice and conserve both the Court's and the parties' resources.

Accordingly, the Court shall stay this case and defer ruling on Plaintiff's motion to remand and Defendant's motion to dismiss pending the Washington Supreme Court's opinion on the certified question.

## V.   CONCLUSION

For the foregoing reasons,

1. Defendant's Motion to Stay, ECF No. 17, is GRANTED.

2. The parties shall file a joint status report no later than fourteen (14) days after the Washington Supreme Court issues a final decision in the certified question in the *Branson* case.

DATED this 18th day of November 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge